IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KENNEDY, | : |
| | : |
|     Petitioner | : |
| | :    CIVIL NO. 1:CV-16-2347 |
|     v. | : |
| | :    (Judge Caldwell) |
| JOHN A. ROWLEY, *et al.,* | : |
| | : |
|     Respondents | : |
| | : |

*M E M O R A N D U M*

I.    *Introduction*

On November 17, 2016, Petitioner Andrew Kennedy, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory detention pursuant to section 236(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(c), by the United States Department of Homeland Security, Immigrations and Customs Enforcement (ICE) since October 15, 2015 without an individualized bond hearing and determination to justify his detention.  He contends his prolonged and continued mandatory detention under § 1226(c) violates his due process rights.  Kennedy seeks a bond hearing before an Immigration Judge (IJ) or his release under supervision. (ECF No. 1, Pet.)  Respondent concurs with Kennedy's request for a bond hearing before an IJ.  (ECF No. 8, Resp.)

For the reasons that follow, we will grant Kennedy's Petition and direct an IJ to conduct a bond hearing within twenty-one days of our Order.

II.   *Background*

Andrew Kennedy, a native and citizen of Jamaica, entered the United States as an immigrant on December 6, 1984.  (ECF No. 8-2, p. 3).  On November 20, 1997, ICE initiated removal proceedings, charging Kennedy as removable from the United States under sections 237(a)(2)(A)(ii), 237(a)(2)(iii), 237(a)(2)(B)(I) and 237(a)(2)(C) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1227, for convictions for weapons and cocaine offenses in the United States District Court for the District of Maryland and the State of New York.  (*Id.*, pp. 2 - 4).

On April 10, 1997, an IJ ordered Kennedy removed from the United States and held he was not eligible for any form of relief from removal because of the nature of his convictions.  (*Id.*, pp. 5 - 8).  Kennedy appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision.  (*Id.*, pp. 9 - 11).

ICE officials took Kennedy into custody from the Federal Correctional Institution in Otisville, New York on October 30, 2015.  (*Id.*, p. 16).   On December 30, 2015, the BIA denied Kennedy's motion to reopen.  (*Id.*, pp. 23 - 26).  However, on February 29, 2016, the BIA granted Kennedy's unopposed motion to reopen his immigration proceedings and remanded the case to the Immigration Court for consideration of an application for protection under the Convention Against Torture.  (*Id.*, pp. 27 - 29). On July 20, 2016, an IJ held that based on the evidence presented, Kennedy "is likely to be targeted for violence upon his return [to Jamaica] as a homosexual," and so

finding granted him deferral of removal.  (*Id.*, pp. 17 - 22).  The Government appealed the IJ's decision and the appeal is currently pending before the BIA.  (*Id.*, pp. 30 - 47).

III.     *Discussion*

Kennedy is being held pursuant to the mandatory detention statute under 8 U.S.C. § 1226(c), or § 236 (c) of the INA.  This statute provides for the mandatory detention, without bond while removal proceedings are pending, of those aliens who committed certain enumerated categories of criminal and other offenses.  *See* 8 U.S.C. § 1226(c)(1).  "The Supreme Court left no doubt that the Government's authority under section 1226(c) to detain aliens without an opportunity for bond complies with the Constitution."  *Chavez-Alvarez*, 783 F.3d 469, 473 (3d Cir. 2015) (citing *Demore v. Kim*, 537 U.S. 510, 531, 123 S.Ct. 1708, 1722, 155 L.Ed.2d 724 (2003)).  However, "there are limits to this power."  *Chavez-Alvarez*, 783 F.3d at 473 (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 235 (3d Cir. 2011)).  "[T]he statute implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purpose of ensuring that an alien attends proceedings and that his release will not pose a danger to the community."  *Diop*, 656 F.3d at 231 - 32; *see also Chavez-Alvarez,* 783 F.3d at 475.  "[W]hen detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute."  *Diop*, 656 F.3d at 233.  The Government must

"produce individualized evidence that [the alien's] detention was or is necessary." *Chavez-Alvarez*, 783 F.3d at 478.

Without establishing a bright-line rule as to when pre-removal detention tips the scales in favor of an individualized bond hearing for aliens held pursuant to § 1226, the Third Circuit Court has held that the determination as to whether an individual's detention is no longer reasonable in length is a "fact- dependent" inquiry and thus made on a case-by-case basis, with the government being required to show more than a mere presumption that the alien is dangerous or a flight risk based on past criminal charges. *Chavez-Alvarez,* 783 F.3d at 474-75. The Court further explained that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time Chavez-Alvaez had been detained for one year, the burden to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478.

In this instance, Kennedy has been held in ICE custody pursuant to § 1226(c) for approximately fifteen months. In light of *Chavez-Alvarez*, *supra*, and after weighing all the factors, we conclude that Kennedy is entitled to an individualized bond hearing before an IJ to determine "whether [his] detention is still necessary to fulfill the [INA's] purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d at 231. At such an individualized hearing, Respondent must justify its continued detention of the detainee. The Respondent shall bear the burden of proving, by clear and convincing evidence, that

Kennedy's continued detention is still necessary to fulfill the purposes of the detention statute.  *See Guerrero Sanchez v. Sabol*, No. 1:15-CV-2423, 2016 WL 7426129, ** 5 - 6 (M.D. Pa. Dec. 23, 2016) (Caldwell, J.) (citing *Lora v Shanahan,* 804 F.3d 601, 616 (2d Cir 2015) and *Sing v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)).  A section 1226 detainee's dangerousness and flight risk must be made on a current basis.  *Id.*, 2016 WL 7426129, at ** 4 - 5 (reviewing Respondent's burden of proof at individualized bond hearing of section 1226 detainees when assessing present-day danger to the community and flight risk) (citing *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999)).  A federal district court granting habeas relief to a section 1226 detainee in the form of a bond hearing before an immigration judge may provide the Petitioner with its own bond hearing or even release if the hearing before the immigration judge does not comport with the above standards.  *Id.*, 2016 WL 7426129, at *6 (citing *Leslie v. Holder*, 865 F. Supp. 2d 627 (M.D. Pa. 2012) and *Madrane v. Hogan*, 520 F. Supp.2d 654 (M.D. Pa. 2007)).  Thus, while granting Kennedy's request for an individualized hearing before an IJ, we will maintain jurisdiction over this matter pending the outcome of the parties' status reports following the hearing.

      An appropriate order will follow.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge

Date: February 1, 2017